FILED

2004 FEB 23 P 4: 30

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERIC J. STIGGLE, SR., | : | PRISONER |
| Plaintiff | : | |
| | : | CASE NO. 302CV536(EBB)(JGM) |
| VS. | : | |
| | : | JURY TRIAL DEMANDED |
| LOUIS J. FUSARO, SR, A. SMITH, | : | |
| MENARD, A. GOMES, MOLIS, W. KNIGHT, | : | |
| R. MCKINNEY, W. MOCEK, M. MCVICKER, | : | |
| CONNELLY, E. LARSEN, ALDIE, MCMAN, | : | |
| DIAGLE, M. BELISE, M. ERNEST, | : | |
| Defendants | : | FEBRUARY 19, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO ENFORCE SETTLEMENT AGREEMENT

**FACTS**

This action is brought by the plaintiff, Eric J. Stiggle, pro se, against the defendants, various officers of the Norwich Police Department, pursuant to 42 U.S.C. § 1893. The defendants, both orally and in writing, extended an offer of settlement to the plaintiff. The terms of the settlement agreement were thoroughly explained to the plaintiff. The plaintiff accepted the defendants' offer and reaffirmed his acceptance several days later. On February 9, 2004, the plaintiff executed a release of his claims against the defendants which accurately reflected the terms of the settlement agreement. The plaintiff also executed a stipulation of dismissal with respect to the above-captioned action.

The plaintiff's acceptance of the defendants' settlement offer was knowing and voluntary, and the terms of the settlement agreement between the plaintiff and defendants are clear and unambiguous. Nonetheless, on February 10, 2004, the plaintiff expressed his intention to revoke his acceptance of the defendants' settlement offer. As a reason for his decision, the plaintiff indicated only that he had "changed his mind."

## LAW AND ARGUMENT

A district court has the power to enforce, summarily, on motion, a settlement agreement that was reached in a case that was pending before it. Meetings & Expositions, Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1974). Agreements that end lawsuits are contracts, sometimes enforceable in a subsequent suit, but in many situations enforceable by entry of a judgment in the original suit. Janus Films, Inc. v. Miller, 801 F.2d 578, 583 (2d Cir. 1986). Summary enforcement is not only essential to the efficient use of judicial resources, but also preserves the integrity of settlement as a meaningful way to resolve legal disputes. Audubon Assoc. Ltd. Partnership v. Barclay & Stubbs, 225 Conn. 804, 812 (1993). Accordingly, a trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous. Aero Corp. v. Allied Witan Co., 531 F.2d 1368, 1372 (6th Cir.), cert. denied, 429 U.S. 862 (1976).

In the present case, the terms of the settlement agreement between the plaintiff and defendants are clear and unambiguous. Furthermore, the plaintiff was fully informed of the terms of the settlement offer prior to acceptance, and the plaintiff's acceptance of the settlement agreement was knowing and voluntary. Accordingly, an enforceable settlement agreement exists between the parties, and such agreement should be upheld by this Court.

**CONCLUSION**

For the foregoing reasons, the defendants' Motion to Enforce Settlement Agreement should be granted, and the Court should enter an order dismissing the instant action with prejudice.

DEFENDANTS,

BY /s/ Melissa Scozzafava
Melissa A. Scozzafava
Of Kernan & Henry, LLP
P.O. Box 2156
Waterbury, CT 06722-2156
(203) 756-8961
Federal Bar No.: CT 23560

## CERTIFICATION

    I hereby certify that a true copy of the foregoing Motion was mailed, postage prepaid, on February 19, 2004 to:

Eric J. Stiggle, Sr.
P.O. Box 169
Norwich, CT 06360

_____
Melissa A. Scozzafava



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERIC J. STIGGLE, SR., | : | PRISONER |
| Plaintiff | : | |
| | : | CASE NO.302CV536(EBB)(JGM) |
| VS. | : | |
| | : | JURY TRIAL DEMANDED |
| LOUIS J. FUSARO, SR, A. SMITH, | : | |
| MENARD, A. GOMES, MOLIS, W. KNIGHT, | : | |
| R. MCKINNEY, W. MOCEK, M. MCVICKER, | : | |
| CONNELLY, E. LARSEN, ALDIE, MCMAN, | : | |
| DIAGLE, M. BELISE, M. ERNEST, | : | |
| Defendants | : | FEBRUARY 2, 2004 |

## STIPULATION OF DISMISSAL

Pursuant to Fed. R. Civ. P. 41, the undersigned parties hereby stipulate that the above-entitled action be dismissed with prejudice, without costs to any party.

PLAINTIFF,                                    DEFENDANTS,

_____          By_____
Eric J. Stiggle, Sr.                             Melissa A. Scozzafava
                                                      Kernan & Henry, LLP
                                                      P.O. Box 2156
                                                      Waterbury, CT 06722
                                                      203-756-8961 (phone)
                                                      203-754-2353 (fax)
                                                      Federal Bar No.: CT 23560

# GENERAL RELEASE

To all to whom these Presents shall come or may Concern, Know That **Eric J. Stiggle**, as RELEASOR, in consideration of the sum of
 of which the RELEASOR hereby waives payment of a deductible of
 by the RELEASEES, received from **Louis J. Fusaro, William T. Molis, Michael McKinney, Warren Mocek, Michael McVicker, Christopher Conley, Eric Larson, Robert J. Aldi, Patrick T. McMahon, James Daigle, Monique Belisle, Micheal Ernest, Timothy Menard, Anthony Gomes, Robert Smith, Warren Knight, Richard A. Podurgiel and the Town of Norwich** as RELEASEES, receipt whereof is hereby acknowledged, releases and discharges said releasees, their heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, and/or in equity, which against said **Louis J. Fusaro, William T. Molis, Michael McKinney, Warren Mocek, Michael McVicker, Christopher Conley, Eric Larson, Robert J. Aldi, Patrick T. McMahon, James Daigle, Monique Belisle, Micheal Ernest, Timothy Menard, Anthony Gomes, Robert Smith, Warren Knight, Richard A. Podurgiel and the Town of Norwich** I ever had, now have or which my heirs, executors, administrators, successors and assigns can, shall, or may have for, upon or by reasons of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE, including but not limited to, any and all claims set forth in the Civil Actions entitled <u>Eric J. Stiggle v. Louis J. Fusaro, et al.</u>, No. 3:02CV536(EBB)(JGM), maintained in the United States District Court for the District of Connecticut in Bridgeport, and <u>Eric J. Stiggle v. Louis J. Fusaro, et al.</u>, No. CV 03-0566228S, Return Date July 8, 2003, filed in the Judicial District of New London at New London.

The RELEASOR agrees that, subsequent to executing this Release, he will not disclose the underlying facts that led up to the settlement evidence by this Release, or the terms, amount or existence of that settlement or this Release, to anyone other than a member of his immediate family or his attorney or other professional advisor and, even as to such advisor, only if the person agrees to honor this confidentiality requirement. Such a person's violation of this confidentiality agreement will be treated as a violation by the RELEASOR. This subsection does not prohibit disclosures to the extent necessary legally to enforce this Release or to the extent prohibited by law.

The RELEASOR agrees to waive payment of                             of the total settlement amount of                                    , which
 represents any deductible payable by the RELEASEES.

Whenever the text hereof requires, the use of singular number shall include the appropriate plural number as the text of the within instrument may require.

Signed this _9th_ day of February, 2004.

*[signature]*
Eric J. Stiggle

STATE OF CONNECTICUT    )
                        ) ss.: Waterbury
COUNTY OF NEW HAVEN     )

    Personally appeared Eric J. Stiggle, signer and sealer of the foregoing instrument, who acknowledged the same to be her free act and deed, before me.

*[signature]*
Commissioner of the Superior Court
Notary Public
My Commission expires: 10/31/06