IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
                                                           :

ERIC J. STIGGLE, SR.                    :         3:02 CV 536 (EBB)

v.

LOUIS J. FUSARO                         :         DATE: SEPTEMBER 23, 2004

---------------------------------------------------------x

<u>RULING FOLLOWING SUPPLEMENTAL EVIDENTIARY HEARING</u>

Familiarity is presumed with this Magistrate Judge's Recommended Ruling on Defendants' Motion for Enforcement of Settlement Agreement, filed May 12, 2004 (Dkt. #84)["May Ruling"], which was approved by Senior U.S. District Judge Ellen Bree Burns on June 10, 2004. (Dkt. #86). The May Ruling granted defendants' motion, finding that a settlement had been reached between the parties. The May Ruling observed that there may be a:

> collateral issue . . . [regarding] to whom such the settlement check should be made. During post-hearing arguments, plaintiff argued that defense counsel should issue the check to him, in order for him to pay his outstanding medical bills. Defense counsel obviously objects, particularly in light of Exhibit F [a notice by the State of Connecticut]. If plaintiff and defense counsel are unable to resolve this issue between themselves, then on or before June 7, 2004, defense counsel may request a supplemental hearing before the Court on this limited issue.

(At 5, n. 9)(emphasis omitted).

On June 17, 2004, defense counsel filed a Request for Hearing (Dkt. #87), to which was attached as Exh. A a copy of a Notice of Seizure of Assets, directing defense counsel to forward the sum of $1,000 to the Connecticut Department of Social Services for plaintiff's unpaid child support obligations. In light of plaintiff's <u>pro se</u> status and defense counsel's inability to ascertain plaintiff's position, defense counsel requested that the court schedule an evidentiary hearing.

The continued hearing was scheduled for September 21, 2004, for which plaintiff received notice by mail. (Dkt. #89). Plaintiff failed to appear at the September 21st hearing and defense counsel presented two exhibits. (Dkts. ##91-92). Exh. B indicates that on or about August 18, 2004, the State of Connecticut filed a Motion to Enforce Statutory Liens, pursuant to CONN. GEN. STAT. § 52-362d, in which Mr. Stiggle and defense counsel are named as defendants. Connecticut v. Stiggle, Dkt. No. 4001976. Exh. B further indicates that an evidentiary hearing was scheduled in the Hartford Superior Court for September 13, 2004. Defense counsel represented that plaintiff failed to appear at this state court proceeding. On September 13, 2004, Connecticut Superior Court Judge Kevin Booth signed an Order (Exh. A), which requires defense counsel "to honor said Seizure Notice and pay over to the State of Connecticut all proceeds from the referred federal action that otherwise be due and payable to Eric Stiggle in the amount of $1,000.00." The Order further indicated that upon payment of this $1,000.00, defense counsel is "absolved of any further liability to Eric Stiggle for payments of proceeds from the said cause of Action." (Id.).

Accordingly, pursuant to the Order recently filed by the Hartford Superior Court on September 13, 2004 (Exh. A), defense counsel is hereby directed to forward the settlement proceeds to the State of Connecticut.

The Clerk's Office may now close this file.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 23rd day of September, 2004.

_____/s/_____
Joan Glazer Margolis
U.S. Magistrate Judge